UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>RAYMOND JURADO | No. 3:18-cr-30 (SRU) |

ORDER DENYING
MOTION FOR MODIFICATION OF SENTENCE

Raymond Jurado, acting *pro se*, moves for a modification of his sentence of imprisonment pursuant to 18 U.S.C. §§ 3582(c)(2) and 3553(a). For the reasons that follow, I **deny** the motion, **doc. no. 202**.

I.      **Standard of Review**

A court may modify a term of imprisonment and may impose a term of probation or supervised release in two circumstances: (1) "upon motion of the Director of the Bureau of Prisons;" or (2) "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, . . . ." 18 U.S.C. § 3582(c)(1)(A).

A court may modify a term of imprisonment if it finds that "extraordinary and compelling reasons warrant" the modification. *Id.* § 3582(c)(1)(A)(i). In determining whether to grant a motion to modify a sentence, the court must consider the factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements of the U.S. Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(ii). District courts may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate

release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

## II.     Background

On April 28, 2022, Jurado pleaded guilty to conspiracy to possess with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C), the lesser included offense of count one of the second superseding indictment.  Doc. No. 180 at 1.  Pursuant to the plea agreement, Jurado agreed that "based on the possession of a dangerous weapon (firearm)[,]" he would be subject to a two-point firearm enhancement under the Sentencing Guidelines.  *Id.* at 4 (citing U.S.S.G. § 2D1.1(b)(1)).

At Jurado's sentencing on September 22, 2022, I determined that he had no prior convictions and was in Criminal History Category I.  I also determined that the Sentencing Guidelines' two-point firearm enhancement applied and added two levels for Jurado's possession of a firearm.  Jurado's total Sentencing Guidelines offense level was twenty-three.  The resulting guideline range was forty-six to fifty-seven months of imprisonment with three years of supervised release.  I sentenced Jurado to a thirty-six-month term of imprisonment and thirty-six-month term of supervised release.  Min. Entry, Doc. No. 198; Judgment, Doc. No. 199 at 1.

On May 19, 2023, Jurado moved to modify his sentence.  Doc. No. 202.  Jurado asks me to remove the two-point firearm Sentencing Guidelines enhancement in order to "allow [him] to receive the full credit and sentencing reduction awarded by the Bureau of Prisons (BOP) upon [his] successful completion of the Residential Drug Abuse Program (RDAP)" and "allow [him] to receive full credit under the First Step Act (FSA)."  *Id.* at 1-2.

**III.   Discussion**

Jurado's possession of a firearm disqualifies him from RDAP's early release incentive. 28 C.F.R § 550.55(b)(5)(ii) (individuals who have committed "[a]n offense that involved the carrying, possession, or use of a firearm or other dangerous weapon" are ineligible for early release upon RDAP completion); *Lopez v. Davis*, 531 U.S. 230, 244 (holding that the BOP may categorically exclude incarcerated individuals from RDAP eligibility based on their "prior involvement with firearms, in connection with the commission of a felony"); *see also* 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a *nonviolent* offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons[.]") (emphasis added).

I sentenced Jurado to a non-guidelines term of imprisonment.  I conducted "an individualized assessment based on the facts presented" and "consider[ed] all of the § 3553(a) factors" when I sentenced Jurado.  *Gall v. United States*, 552 U.S. 38, 49-50 (2007). Specifically, I weighed the seriousness of Jurado's offense, his criminal history, the extent of Jurado's involvement in the fentanyl conspiracy, Jurado's conduct while on pretrial release, his work history, and his criminal history.  I imposed a downward variance and sentenced Jurado to a thirty-six-month term of imprisonment.

I respectfully recognize that Jurado is preparing himself to re-enter the community and raise his family by taking GED classes and working six days a week in the kitchen.  Doc. No. 202 at 2.  Jurado's positive strides in prison, however, do not reflect extraordinary new conduct separate from the information I relied upon at sentencing.  I considered Jurado's work ethic, among other things, when I weighed the 18 U.S.C. § 3553(a) sentencing factors.  Jurado furthermore has not shown any "[e]xtraordinary and compelling reasons exist" under the sentencing guidelines' policy statement, such as a serious medical condition, advanced age, or an

immediate family member's incapacitation.  U.S.S.G. § 1B1.13(b).  I accordingly conclude that Jurado has not shown "extraordinary and compelling reasons warrant" modification of his sentence.  18 U.S.C. § 3582(c)(1)(A)(i).

### IV.     Conclusion

For the reasons set forth above, I **deny** Jurado's motion for a modification of his sentence, **doc. no. 202.**

So ordered.

Dated at Bridgeport, Connecticut, this 3rd day of June 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge